# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-107-MOC-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| AMINTA A. SMITH, | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss (Doc. No. 112) Defendant's Motions for Reduce her sentence under 18 U.S.C. § 3624(g), in which Defendant argues that the Bureau of Prisons ("BOP") has incorrectly calculated her earned-time credits under the First Step Act. (Doc. Nos. 99, 100).

## I. BACKGROUND

A jury convicted Defendant of 20 counts of aiding and assisting the filing of false tax returns and three counts of filing false tax returns. United States v. Smith, No. 21-4190, 2022 WL 16948593 (4th Cir. Nov. 15, 2022) (unpublished). This Court sentenced Defendant below the advisory guideline range to 30 months in prison. Id. at *4. The Fourth Circuit affirmed her convictions on appeal but remanded the case for this Court to address a condition of supervised release and the order of restitution. Id. at *9. This Court issued an amended judgment in December 2022. (Doc. No. 104).

Defendant filed a motion for compassionate release in February 2022, alleging extraordinary and compelling circumstances in light of COVID-19, her medical conditions, and concerns about caring for her children. (Doc. No. 86 (citing 18 U.S.C. § 3582(c)(1)(A)). The Court recently denied this motion. (Doc. No. 110). Defendant filed two pending, additional

1

motions to reduce her sentence under the First Step Act in September 2022. (Doc. Nos. 99, 100). In these motions, Defendant asks the Court to reduce her sentence to time served based on her alleged accrual of earned-time credits. (Id.). Defendant states that BOP has calculated that she is eligible for release to a residential reentry center on March 8, 2023. (Doc. No. 100 at 17).

BOP has been recalculating inmates earned-time credits "for all eligible individuals" in light of its evolving progress in fully implementing the First Step Act. See https://www.bop.gov/resources/news/20230106_calculation_of_time_ credits.jsp (last accessed Jan. 18, 2023). Current BOP information indicates that Defendant's "home detention eligibility date" is January 26, 2023. (Gov. Ex. 1 (indicating earned-time credit of 160 days)). Her projected release date is April 26, 2023. (Id.).

## II. DISCUSSION

A district court may only reduce a final sentence under limited circumstances. See 18 U.S.C. § 3582(c). Defendant asks the Court to reduce her sentence under 18 U.S.C. § 3624(g) to time served, but that section merely authorizes BOP to establish a system of earned-time credit under which qualifying prisoners may be placed in prerelease custody or on supervised release. It does not authorize a court to reduce the sentence it previously imposed.

Defendant contends that she is entitled to a reduced sentence because BOP has not correctly applied her earned-time credits. (Doc. No. 100 at 4, 7). Only the Attorney General, acting through the BOP, may administer an inmate's sentence. See 18 U.S.C. § 3621; United States v. Wilson, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves her sentence as well as time credit. See 18 U.S.C. § 3621(b); Wilson, 503 U.S. at 335. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such challenges

2

must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement. Id.; Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted). Additionally, prisoners are required to exhaust administrative remedies before seeking review of time-credit calculations in court. See United States v. Pratt, 821 F. App'x 200, 202 (4th Cir. 2020); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004); see also 28 C.F.R. §§ 542.10–.19 (Administrative Remedy Program).

Defendant is currently confined in West Virginia, and she has not shown that she has exhausted her administrative remedies within BOP. Although she filed an administrative remedy request with the warden, which was denied, she has not shown that she pursued additional review after receiving that denial. See (Doc. No. 100 at 19). Because Defendant has not shown a proper basis for this Court to reduce her sentence, and she must pursue relief under Section 2241 in her district of confinement after exhausting her administrative remedies, this Court will grant the Government's motions to dismiss Defendant's motions. See Patel v. Warden, No. 8:22cv2027, 2022 WL 3030781, at *4 (D.S.C. July 7, 2022) (R&R) (recommending dismissal of Section 2241 petition challenging calculation of earned-time credits for failure to exhaust), adopted, 2022 WL 3030738 (D.S.C. Aug. 1, 2022).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss (Doc. No. 112), is **GRANTED**, and Defendant's Motions to Reduce Sentence (Doc. Nos. 99, 100) are **DENIED**.

Signed: March 10, 2023

Max O. Cogburn Jr.
United States District Judge